SABATER, PETITIONER AND APPELLEE, *v.* ESCUDERO, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Judicial Administration.

No. 1469.—Decided May 17, 1916.

ADMINISTRATION—CONSTRUCTION OF LAW—HEIR AT LAW—FORCED HEIR.—According to the English text of section 23 of the Special Legal Proceedings Act, which takes precedence over the Spanish text because it is the one signed by the Governor, any heir at law or forced heir has a right to apply for the judicial administration of the decedent's estate.

ID.—DESIGNATION OF HEIRS—INTESTATE SUCCESSION.—In a case of intestate succession a designation of heirs should be obtained according to the formalities prescribed by Chapter III, Title I, of the Special Legal Proceedings Act, so that the personal right of the heir at law applying for judicial administration may be clearly established.

ID.—SURVIVING SPOUSE—PREFERENCE—CONSTRUCTION OF LAW.—Section 31 of the Special Legal Proceedings Act establishes a preference in favor of the right of the surviving spouse to be appointed administrator of the estate of the deceased, unless for strong reasons it be found necessary to name some one else.

The facts are stated in the opinion.
*Mr. Marcelino Romany* for the appellant.
*Mr. Francisco Otero Rivera* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 12, 1916, Carlos Sabater filed a verified petition in the District Court of Mayagüez praying for the

judicial administration of the estate of Juanita Sabater and alleging that on November 20, 1915, she died intestate in Río Piedras without leaving other heirs than the petitioner, seven of his brothers of the whole blood and the widowed husband, José Escudero, and that her separate estate consisted of realty, personalty and jewelry worth from $3,500 to $4,000, no community property having been acquired during the marriage.

The court ordered that the parties be summoned to appear at a council to be held on January 28, 1916, and the brothers appeared by their attorney, Francisco Otero, and the surviving husband by his attorney, Marcelino Romany. The latter moved to dismiss the petition for judicial administration on the ground that the petitioner was not included among those authorized to apply therefor and that the petition did not meet the requirements of section 23 of the Special Legal Proceedings Act.

The motion was overruled and the court entered an order on the same day by which, on motion of the attorney for the brothers, it appointed Conrado García administrator of the estate left by the deceased, subject to his furnishing a bond for $1,000 to guarantee the faithful discharge of his duties as to that part of the estate to which the surviving husband might be entitled, the other parties in interest having requested that he be relieved of giving bond as to them.

The attorney for the surviving husband, José Escudero, appealed from that decision, and as legal grounds for reversal assigns the following errors:

1. That the court erred in overruling the motion to dismiss the petition for judicial administration.

2. That the court also erred in appointing a judicial administrator in the absence of proof of the allegations contained in the petition.

3. That the court likewise erred in appointing a stranger as judicial administrator in the absence of proof that the

surviving husband did not have the necessary capacity to act as such.

The first error is based on section 23 of the Special Legal Proceedings Act, which reads as follows:

"The executor of the last will of a decedent, or in case that none has been appointed, or if the decedent left no validly executed will, the surviving spouse of the decedent or any heirs at law or any person claiming as testamentary heir or legatee, or any unsecured creditor with written title, having a claim against the decedent, may, on a proper petition duly showing therein the necessary facts, apply for a judicial administration of the property of said decedent. Such petition shall be filed in the district court having jurisdiction over the last residence of the decedent or of the place where the greater part of his property is situated and shall set forth under oath:

"(1) The death of the decedent.

"(2) The particulars relating to his last will, including the date of the execution thereof and the office in which it was recorded; and in case such decedent shall have died intestate, it shall set forth that according to the best information and belief of the petitioner said decedent left no valid will, with the sources and grounds for such information and belief.

"(3) The interest and cause of action of the petitioner.

"(4) The names and respective residences of all other persons entitled to inherit in the estate of the decedent.

"(5) That decedent left property subject to distribution, and the amount and nature of such property."

Among the persons who may apply for judicial administration of the estate of a decedent, the said section mentions only the forced heirs and brothers are not forced heirs according to the definition thereof given in section 1 of the Act of March 9, 1905, which reads as follows:

"Section 1.—Forced heirs are:

"1. Legitimate children and descendants, with regard to their legitimate parents and ascendants;

"2. In the absence of the foregoing, the legitimate parents and ascendants, with regard to their legitimate children and descendants;

"3. The widower or widow, the natural children legally acknowledged, and the father or the mother of the latter in the manner and extent established in sections 8, 9, 10, 11, 14, 15, 16 and 20 hereof."

This same conception of forced heirs is conveyed by section 794 of the Civil Code, which gives the following definition of a legal portion:

"Section 794.—A legal portion is that part of the property which the testator cannot dispose of because the law has reserved it for specified heirs, called, on that account, heirs by force of law."

As the brothers of the decedent cannot be considered as forced heirs, it follows logically that if we adhere to the letter of section 23 of the Special Legal Proceedings Act, Carlos Sabater has no right to apply for the judicial administration of the estate of his deceased sister.

But the fact is that the equivalent of the term *"heredero forzoso"* is not given in the English text as "forced heir" but as "heir at law" or *"heredero legítimo,"* and as we have repeatedly held that in case of conflict between the English and Spanish texts of a statute the former must prevail because it is the one signed by the Governor, the right of an heir at law to apply for the judicial administration of his decedent's estate must be admitted.

The appellant contends that the jurisprudence laid down by this court in regard to the preference of the English over the Spanish text is applicable in cases of new laws or laws of American origin, but not in cases of laws of purely Spanish origin such as the Special Legal Proceedings Act. We shall not decide whether the contention of the appellant is .correct or not. It would be venturesome to assert that this act is genuinely Spanish although many of its provisions were taken from the old Law of Civil Procedure; but exactly in connection with the question of law under consideration, the Spanish text of section 23 is not in harmony with the old Law of Civil Procedure, whereas the English version is and, like it, gives heirs at law the right to apply for judicial administration without denying such right to forced heirs, for of the heirs at law those designated by the law as forced heirs hold first place among those preferred to succeed to

the estate of the intestate. According to the English text of section 23, now, as formerly, both heirs at law and forced heirs are entitled to apply for the judicial administration of the estate of the decedent, and this may be gathered from the fact that the provisions of the Special Legal Proceedings Act refer both to testate and intestate estates.

The first error assigned cannot be considered as a ground for reversing the decision appealed from, but it must be reversed on the second and third errors alleged.

The petition of Carlos Sabater does not conform to the provisions of section 23 of the Special Legal Proceedings Act because it is deficient in that it fails to set forth the particulars necessary to the end sought, as required by the said section. It does not prove the death of Juanita Sabater or that the petitioner, the seven brothers mentioned and the surviving husband are heirs at law of the deceased.

In cases of intestate succession a designation of heirship should be obtained from the district court having jurisdiction, upon compliance with the formalities prescribed by Chapter III, Title I, of the said act. When recourse is had to the Special Legal Proceedings Act for the purpose of obtaining judicial administration, the personal right of the petitioner should be established clearly; for the object of such proceedings is not to declare rights but only to obtain the judicial administration of the property of the person entitled to inherit in view of a clear and admitted right. *Puente* v. *Puente,* 16 P. R. R. 556; *Rivera* v. *Cámara,* 17 P. R. R. 503.

Finally, as construed by this court in the case of *Díaz y Molinaris et al.* v. *Cividanes,* decided yesterday, section 31 of the Special Legal Proceedings Act establishes a preference in favor of the surviving spouse to be appointed administrator of the estate of the deceased spouse, albeit there may be cases in which powerful reasons would make it necessary to name some one else. In the present case no reason whatever

has been shown to warrant the appointment of a stranger, as is Conrado García, in preference to the surviving husband.

The decision appealed from should be

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.